UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLIFTON JEROME POELLNITZ REID,

    Plaintiff,

v.                                            Case No. 16-cv-12393

MARK SUMMERS,

    Defendant.
                                  /

**OPINION AND ORDER GRANTING APPLICATION TO
PROCEED *IN FORMA PAUPERIS* AND DISMISSING ACTION**

    Michigan resident Clifton Reid has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff seeks leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1). Under 28 U.S.C. § 1915(e)(2)(B), courts must dismiss any portion of the complaint that is (i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief.

    In his Complaint, Plaintiff claims that Defendant, while presiding over his trial in the 19th District Court in Dearborn, Michigan, ruled against him, had armed officers escort him to the prosecutor's office, and thereby discriminated against him based on his race. Defendant seeks $75,000.

    The court finds that judicial immunity bars Plaintiff's claims. Judges are absolutely immune from civil rights suits when acting in a judicial capacity unless they act in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). Whether an action is "judicial" depends on the "'nature of the act itself, *i.e.*,

whether it is a function normally performed by a judge,'" and "'the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity.'" *Id.* at 13, *quoting Stump v. Sparkman*, 435 U.S. 349, 362 (1978). A judge's acts do not become non-judicial simply because they are erroneous or "in excess of his authority." If that were the case, then "any mistake of a judge in excess of his authority would become a 'nonjudicial' act, because an improper or erroneous act cannot be said to be normally performed by a judge." *Id.* at 12. Ruling on motions and appeals and requesting escorts for criminal defendants, are, without question, acts normally performed by a judge.

For the reasons stated above, IT IS ORDERED that Plaintiff's application to proceed *in forma pauperis* is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(iii) because the defendant is immune from suit.

      s/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: September 19, 2016


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 19, 2016, by electronic and/or ordinary mail.

      s/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522